# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SANDOVAL, CDCR #AM-0186, <br><br> Plaintiff, <br><br> v. <br><br> DAVID GULDSETH, M.D.; ROMAN B. CHAM, M.D., <br><br> Defendants. | Case No.: 19-cv-01584-BAS-RBB <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3];** <br><br> **AND** <br><br> **(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

On August 23, 2019, Alberto Sandoval ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1 ("Compl.").) Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2 ("IFP Motion").)

**I.  Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of the average monthly deposits in the account for the past six months, or the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a copy of his Prison Certificate and Inmate Statement Report from the California Department of Corrections ("CDCR") recording his balances and deposits over the six-month period preceding the filing of his Complaint. (ECF No. 3.) These reports show Plaintiff has had no money in his trust account for the six months preceding the filing of this action, and that he had a zero balance at the time of filing. (ECF No. 3 at 1.) Plaintiff, as a prisoner with no assets, cannot be

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

- 2 -

19cv1584

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of the average monthly deposits in the account for the past six months, or the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a copy of his Prison Certificate and Inmate Statement Report from the California Department of Corrections ("CDCR") recording his balances and deposits over the six-month period preceding the filing of his Complaint. (ECF No. 3.) These reports show Plaintiff has had no money in his trust account for the six months preceding the filing of this action, and that he had a zero balance at the time of filing. (ECF No. 3 at 1.) Plaintiff, as a prisoner with no assets, cannot be

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

precluded from filing suit solely because he has no means to pay the initial filing fee or a portion thereof. 28 U.S.C. § 1915(b)(4); *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), but declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

- 3 -

19cv1584

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Allegations

Plaintiff has been diagnosed with "significant degenerative joint disease with significant full-thickness cartilage loss involving the medial compartment, as well as medial joint line." (Compl. ¶ 24.) As a result, Plaintiff "suffers from extreme pain" and "significant discomfort" in his right knee. (*Id.* ¶ 25.) Plaintiff "require[s] the use of a wheelchair for his extreme mobility limitations." (*Id.* ¶ 26.) He has been designated "Disability Impacting Placement Intermittent Wheelchair (DPO) status" which he indicates is an "ADA designation." (*Id.*)

Plaintiff alleges he "suffers from persistent pain and swelling to the right knee, which hinders his ability to walk and has created sporadic sleepless patterns." (*Id.* ¶ 27.) Plaintiff

claims an orthopedic surgeon wrote in "consultation notes" dated January 12, 2016 that "the only treatment that is going to alleviate [Plaintiff's] discomfort is going to be a right total knee replacement." (*Id.* ¶ 28.)

Plaintiff has received other treatment including "injections on multiple occasions, physical therapy, x-rays on multiple occasions and an MRI on November 10, 2015." (*Id.* ¶ 31.) Plaintiff alleges that he has been "recommended for right total knee replacement surgery" for a second time on April 26, 2018 by Defendant Cham. (*Id.* ¶ 32.) Plaintiff claims to have been "ineffectively treated with nonsteroidal anti-inflammatory medications" for his pain. (*Id.* ¶ 33.)

Plaintiff contends that, despite this, Defendants refused to authorize Plaintiff's knee replacement surgery because they are unwilling to pay for it and because Defendants rely on the allegedly mistaken opinion that there was an "increased risk of periprosthetic joint infection due to Plaintiff's obesity[,]" which Plaintiff maintains was only a "minimal to moderate" risk. (*Id.* ¶¶ 34–35.) Plaintiff alleges that this conduct "constitutes deliberate indifference to [his] serious medical needs" in violation of his Eighth Amendment right to be free from cruel and unusual punishment and seeks injunctive relief, along with compensatory and punitive damages. (*Id.* ¶¶ 136, 137–41.)

### C. Applicable Law

#### 1. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### 2. Eighth Amendment Claim

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989).

### D. Analysis

Upon review of the Complaint, the Court finds that Plaintiff has failed to state claims for an Eighth Amendment violations against Defendants Guldseth and Cham and has improperly joined the remaining Defendants to this action. For these reasons, more fully explained below, the Court dismisses the Complaint with leave to amend and dismisses Defendants Toor, Singh, and Shwe without prejudice.

### 1. Plaintiff's Eighth Amendment Claim

At the screening stage of these proceedings, the Court will assume that Plaintiff's allegation of having suffered from a "large complex tear of the medial meniscus" (Compl. ¶ 24) in his knee is sufficient to show he suffered an objectively serious medical need. *See McGuckin*, 914 F.2d at 1059.

However, even assuming Plaintiff's medicals needs were sufficiently serious, his Complaint fails to include any further "factual content" to show that either Defendant Guldseth ("Dr. Guldseth") or Defendant Cham ("Dr. Cham") acted with "deliberate indifference" to those needs.[2] *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Plaintiff alleges that he was first examined by Dr. Guldseth on February 8, 2017. (Compl. ¶ 37.) At this examination, Dr. Guldseth purportedly determined to treat Plaintiff's medical condition with "pain medication" rather than rely on a recommendation from a different physician that Plaintiff have "right total knee replacement." (*Id.* ¶ 39.) When Plaintiff was examined again by Dr. Guldseth on April 26, 2017, Dr. Guldseth allegedly ordered an x-ray of Plaintiff's knee and physical therapy. (*Id.* ¶ 46.) Ultimately, Dr. Guldseth referred Plaintiff to Dr. Cham, an Orthopedic Specialist, in January of 2018. (*Id.* ¶ 49.) In April of 2018, Plaintiff was examined by Dr. Cham for a "pre-operative visit" in which they "reviewed and discussed Plaintiff's medical history of MRSA infection, diabetes, and obesity." (*Id.* ¶ 52.) Plaintiff claims Dr. Cham "addressed the risk of complications with the surgery, including infection" and recommended that he "stop using morphine" prior to the surgery. (*Id.* ¶ 53.) Dr. Cham also "recommended Plaintiff lose weight prior" to proceeding with surgery. (*Id.*)

Plaintiff was scheduled for surgery on May 9, 2018 but the surgery was cancelled

---

[2] Plaintiff names five medical professionals as defendants in this action. (Compl. ¶¶ 9–23.) However, Plaintiff only identifies "[t]he events giving rise to the claims against Defendants David Guldseth, M.D. and Roman B. Cham, M.D. in this Complaint arose in the Country of San Diego, CA." (*Id.* ¶ 2.) The Court addresses the joinder of the remaining Defendants named in this action in Section II.D.2 of this Order.

due to Dr. Guldseth's allegedly "unqualified determination that the surgery would not be appropriate until Plaintiff loses 50 lbs. and comes off the morphine pain treatment." (*Id.* ¶ 57.) However, it was later clarified that Dr. Cham cancelled his surgery. (*See id.* at 12-13.) Plaintiff denies that there was ever any specific recommendation that he lose weight prior to surgery. (*Id.* ¶ 65.)

To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates both Guldseth and Cham's "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is because to be deliberately indifferent, Drs. Guldseth and Cham's acts or omissions must entail more than Plaintiff has alleged here—a difference of opinion as to whether Plaintiff was medically cleared for surgery. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. To the extent Plaintiff objects to the decisions made by these Defendants regarding the need to lose weight prior to surgery, "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122–23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

Accordingly, the Court finds that the Complaint fails to state a claim for deliberate indifference under the Eighth Amendment against either Drs. Guldseth or Cham. Therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint" will also grant Plaintiff an opportunity to

amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### 2. Misjoinder

Plaintiff also alleges claims against medical personnel when he was previously housed at Valley State Prison ("VSP") "between the period of January 2015 through February 2, 2017." (Compl. ¶ 89.) Federal Rule of Civil Procedure 20 states that Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A-B).

Here, Plaintiff's claims against prison officials at VSP do not arise out of the same set of "transactions or occurrences" as the claims against the RJD prison officials. As stated above, a "determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059. This requires a different factual analysis as to the claims raised against VSP officials as opposed to the RJD officials. Moreover, it appears that some of Plaintiff's claims against VSP officials may be subject to dismissal as they are likely barred pursuant to the applicable statute of limitations.

If the requirements for permissive joinder under Rule 20 are not satisfied, courts may look to Rule 21. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Under Rule 21, where a court finds misjoinder, "on its own" it may "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Therefore, the Court severs all claims against Defendants Toor, Singh, and Shwe from this action and directs the Clerk of Court to terminate these Defendants from the action. This decision is without prejudice to permit Plaintiff to file a separate action in the appropriate venue regarding these claims.

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)

(ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Defendants Toor, Singh, and Shwe pursuant to Fed.R.Civ.P. 21 and without prejudice to re-filing in a separate action;

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted as to Defendants Guldseth and Cham only. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail a court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED.**

**Dated: October 7, 2019**

Hon. Cynthia Bashant
United States District Judge