UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SANDOVAL, CDCR # AM-0186,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GULDSETH, M.D., ROMAN M. CHAM, M.D.,<br><br>Defendants. | Case No.: 19cv1584-JO(RBB)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL [ECF NO. 49]** |

    Plaintiff Alberto Sandoval is a former state prisoner proceeding pro se and in forma pauperis, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against Defendants David Guldseth, M.D., and Roman M. Cham, M.D. On February 11, 2022, the Court received a letter from Plaintiff in which he requests the appointment of counsel [ECF No. 49]. Plaintiff requests that counsel be appointed because he does not know how to contest Defendant Guldseth's motion for summary judgment and does not understand the documents he has received from the court. (Pl.'s Mot. 1, ECF No. 49.) As explained below, his motion is **DENIED**.

    "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District

courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Id. (citations omitted).

Plaintiff has failed to demonstrate the existence of extraordinary circumstances. First, he has not offered any evidence to support his claims and thus has not shown a likelihood of success on the merits. Second, the facts alleged in the First Amended Complaint are not complex and Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity. Based on the information currently before the Court, Plaintiff appears to have the competence necessary to pursue his case. Certainly, any pro se litigant would benefit from the assistance of counsel. Plaintiff must show, however, that he is unable to articulate his positions because of the complexity of his claims. He has not done so. See, e.g., Terrell, 935 F.2d at 1017 (upholding district court's refusal to appoint counsel because plaintiff had "demonstrated sufficient writing ability and legal knowledge to articulate his claim"); see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.")

Plaintiff has not sufficiently demonstrated "exceptional circumstances" warranting the appointment of counsel. Accordingly, his motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 16, 2022

*(signature)*
Hon. Ruben B. Brooks
United States Magistrate Judge