UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SANDOVAL, CDCR # AM-0186,<br><br>                          Plaintiff,<br><br>v.<br><br>DAVID GULDSETH, M.D., ROMAN M. CHAM, M.D.,<br><br>                          Defendants. | Case No.: 19cv1584-JO(RBB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE THAT PLAINTIFF'S COMPLAINT AGAINST DEFENDANT ROMAN M. CHAM, M.D., BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EFFECTUATE SERVICE [ECF NOS. 48, 53]** |

## I.   INTRODUCTION

Plaintiff Alberto Sandoval, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 on August 23, 2019 [ECF No. 1].[1]  He filed a First Amended Complaint on January 31, 2020 [ECF No. 8].  On April 1, 2020, the Court issued an Order Directing U.S. Marshal to Effect Service of First Amended Complaint upon Defendants David Guldseth, M.D., and Roman M. Cham, M.D. [ECF No. 9].  A

---

[1] Plaintiff was incarcerated at the time he initiated this case.  He has subsequently been released from custody.  See Mins., Dec. 1, 2021, ECF No. 38.

1

Process Receipt and Return reflecting service by the U.S. Marshal on May 20, 2020, upon Defendant Guldseth was filed with the court [ECF No. 15].  According to the court docket, service was never effectuated on Defendant Cham.

On February 4, 2022, this Court issued an Order to Show Cause stating:

> [T]he Court ORDERS Plaintiff to show cause as to why his claims against Defendant Cham should not be dismissed under Federal Rule of Civil Procedure 4(m) and the court's inherent authority on or before **February 22, 2022**.
>
> Plaintiff is warned that a failure to file an adequate response to this Order by the deadline set forth above will result in a recommendation by this Court that this action be dismissed with respect to Defendant Cham.

(Order to Show Cause 2, Feb. 4, 2022, ECF No. 48.)  On March 8, 2022, following a change of Plaintiff's address, the Court reissued the Order to Show Cause and provided Sandoval until March 25, 2022, to respond.  (Order to Show Cause (Second Notice) 3, Mar. 8, 2022, ECF No. 53.)

As of the date of this Report and Recommendation, Plaintiff has neither filed a response to the Order to Show Cause nor requested an extension of time in which to do so.[2]  Accordingly, for the reasons discussed below, it is recommended that the claims against Defendant Cham be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service.

## II.   DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure provides in relevant part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The Rule also provides that "if the plaintiff shows good cause for the

---

[2] On February 11, 2022, Plaintiff filed a letter in which he requested the appointment of counsel [ECF No. 49].  This Court denied the request on February 17, 2022 [ECF No. 50].

failure, the court must extend the time for service for an appropriate period." Id. If a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915, the court must order that service be effectuated by a United States Marshal. Id. R. 4(c)(3); see also 28 U.S.C. § 1915(d) (when plaintiff proceeds in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties"). While a plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, he is responsible for providing the information, such as an address, needed to effectuate service. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). The Court's local rules similarly provide:

> Where service of a summons and pleading is to be made by United States marshal upon a person or entity, the party at whose request the summons is issued is responsible for providing the United States marshal's office with appropriate instructions regarding the person upon whom service is to be made, in what capacity the service is to be made (official or individual), and at what address service is to be made. Failure to comply with these instructions may cause the marshal not to perform service.

S.D. Cal. Civ. R. 4.1(c). Good cause to excuse the failure to serve the complaint within the requisite time period exists if the U.S. Marshal failed to effectuate service despite being provided with the information to do so. See Puett, 912 F.2d at 275.

> [H]aving provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal . . . has failed to perform the duties required . . . under 28 U.S.C. § 1915[d] and Rule 4 of the Federal Rules of Civil Procedure.

Id.; see also Dumaguin v. Sec'y Health & Human Servs., 28 F.3d 1218, 1221 (D.C. Cir. 1994) (holding that pro se plaintiff who was proceeding in forma pauperis established good cause for extending time for service on the defendants due to failure of the U.S. Marshal to effectuate service despite plaintiff's timely request that the Marshal do so).

In this case, the Court issued an Order Directing U.S. Marshal to Effect Service of First Amended Complaint upon Defendants on April 1, 2020 [ECF No. 9]. The Order

included instructions and provided the forms needed (the "IFP Package") for Plaintiff to provide to the U.S. Marshal. Id. at 6. The U.S. Marshal served the summons and complaint on Defendant Guldseth, as reflected by the Process Receipt and Return filed with the court on August 6, 2020 [ECF No. 15]. Although the initial ninety days provided by Rule 4(m) to serve the Defendants has long since passed in this case, the court docket reflects that service was never effectuated on Defendant Cham, and Plaintiff never requested an extension of time to serve Cham. Furthermore, Plaintiff has not filed a response to the Order to Show Cause issued by this Court and has not otherwise established good cause for his failure to serve this Defendant.

Accordingly, the Court recommends that the claims against Defendant Cham be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m).

### III.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that the claims against Defendant Cham be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service.

This Report and Recommendation will be submitted to the Honorable Jinsook Ohta, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before April 26, 2022. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before May 6, 2022. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  April 11, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge